## CHICAGO, ST. L. & N. O. R. CO. v. PULLMAN SOUTHERN CAR CO.

(Circuit Court of Appeals, Fifth Circuit. June 13, 1893.)

### No. 130.

CONTRACTS—CONSTRUCTION—LIMITATION OF ACTIONS—SLEEPING-CAR AND RAILROAD COMPANIES.

A contract between a sleeping-car company and a railroad company provided that "the railway company shall repair all damages to said cars of every kind occasioned by accident or casualty." *Held*, that the fact that this provision was found in an indenture embracing contracts of letting and hiring such cars did not render a suit brought thereunder to recover the value of a car destroyed by fire a suit for a rent charge or arrearage of rent, which would be barred in three years under the Louisiana Code.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

At Law. Action by the Pullman Southern Car Company against the Chicago, St. Louis & New Orleans Railroad Company to recover damages on account of the destruction by fire of two sleeping cars, the "Louisiana" and the "Great Northern," while on the premises of the defendant. There was a verdict and judgment for plaintiff. Defendant sued out a writ of error to the supreme court, which, on March 2, 1891, reversed the judgment, and remanded the case for a new trial. 11 Sup. Ct. Rep. 490, 139 U. S. 79. The plaintiff then discontinued the case as to the car "Great Northern," and afterwards obtained a verdict and judgment for the value of the "Louisiana." From this judgment defendant now brings error. Affirmed.

The action was based upon a written contract between the two corporations, dated April 5, 1879, and showing that the plaintiff was engaged in the business of operating sleeping and drawing-room cars, which it hired under written contracts for a term of years to be used and employed on the lines of railroad companies, receiving therefor income and revenue by the sale to passengers of seats, berths, and accommodations therein. The contract then set out various stipulations by which these purposes were to be carried out, and under which the cars now in question came into possession of the defendant. Among these stipulations were the following: Each of the plaintiff's cars was to be manned, at its own cost, by one or more of its employes, as might be needful for the collection of fares and the comfort of passengers; such employes to be subject to the rules and regulations established by the defendant for its own employes. "In consideration of the use of the aforesaid cars," the defendant was to haul them on passenger trains on its own lines of railroad, and on passenger trains on which it might, by virtue of contracts or running arrangements with other roads, have the right to use them, "in such manner as will best accommodate passengers during the use of said cars." By article 6 of the agreement, all necessary lubricating material, ice, fuel, and material for lights were to be supplied, and the washing and cleansing of the cars furnished under the contract to be done, by the defendant at its expense, which should also renew and replace, as often as necessary, links, pins, bell cord, and couplings for air-brake hose, without charge to the plain-

tiff. The plaintiff was to keep the cars furnished under the contract in good order and repair; renew and improve them, when necessary, at its own expense; keep them up to the average standard of the best and most approved sleeping cars on any road using an equal number of cars, "excepting repairs and renewals provided for in article sixth of this agreement, and such as are made necessary by accident or casualty, it being understood that the railway company shall repair all damages to said cars of every kind occasioned by accident or casualty during the continuance of this contract, except that the Pullman Company assumes all responsibility for any loss or damage occurring to said cars arising from defective heating apparatus or lights furnished by it." As proper compensation for the maintenance of the running gear and bodies of the cars the defendant was to pay plaintiff "three cents per car per mile for every mile run by said cars upon the road of the railway company, or upon the roads of other companies, by direction of the officers of the railway company, while in service under this contract."

Girault Farrar and Hunter C. Leake, for plaintiff in error.

Edgar H. Farrar, Ernest B. Kruttschitt, and B. F. Jonas, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. This action was brought September 20, 1886, by the defendant in error against the plaintiff in error in the circuit court for the eastern district of Louisiana. It came to trial, and judgment was rendered in favor of defendant in error, and plaintiff in error sued out a writ of error from the supreme court. The case is fully stated in the opinion of that court. 139 U. S. 79, 11 Sup. Ct. Rep. 490 et seq. All the questions then in issue between the parties were discussed and settled in that opinion. The judgment was reversed, and the cause remanded for a new trial in conformity with that opinion. On November 28, 1892, the plaintiff below discontinued all that portion of its demand pertaining to the car "Great Northern," and limited its demand to the car "Louisiana," which it alleged was well worth $16,000. On the next day (November 29, 1892) the defendant below specially pleaded the prescription of three years in bar of plaintiff's action. The case came on for trial December 2, 1892, and resulted in a verdict and judgment in favor of plaintiff below, and the defendant below sued out a writ of error from this court. Plaintiff in error assigned ten specifications of error, only five of which are discussed in the brief of counsel, and of these we deem it necessary to notice only the first and third.

"First. The court erred in refusing to deliver the following instruction: 'The court is requested by defendant's counsel to instruct the jury as a matter of law that the contract sued upon is a contract of letting and hiring, and that the alleged obligation of the defendant to repair or renew the damages to said car "Louisiana," made necessary by accident or casualty, as set forth in the plaintiff's petition, and as provided in article seven of said contract sued upon, is a part of the consideration of said contract, or is an alleged arrearage of the so-called "hire" of said car; and that this suit is a suit to recover an alleged arrearage of the hire of said car "Louisiana," during the continuance of the contract; and as such the action is barred by the prescription of three years from the time that said alleged hire was due according to the contract, more than three years having elapsed, as appears upon the face of the plaintiff's petition, from said time until the bringing of this suit; and that the jury must find a verdict for the defendant.' "

"Third. The court erred in refusing to deliver the following instruction at the request of counsel for plaintiff in error: 'The court is requested to instruct the jury that this suit is in form a suit to recover damages for an alleged breach by defendant of the terms of a commutative contract in writing, and that by the law of Louisiana applicable to such cases there must be alleged and proven a regular putting in default by plaintiff of the defendant in order to recover; that unless the jury find from the evidence that prior to the filing of this suit, and within a reasonable time after the occurrence of said fire, the plaintiff made a written demand upon the defendant to repair, renew, or make good the damages to car "Louisiana," occasioned by the alleged accident or casualty complained of, or made demand upon the proper officer, namely, the president of said company defendant, in the presence of two witnesses, demanding that said defendant company should repair or renew the damages sustained by the car "Louisiana" by the alleged fire of May 27, 1892, then the jury must find for the defendant.'"

The circuit court did not err in refusing these charges. The contract on which this suit is brought is "that the railway company [plaintiff in error] shall repair all damage to said cars of every kind occasioned by accident or casualty during the continuance of this contract, except that the Pullman Company [defendant in error] assumes all responsibility for any loss or damage occurring to said cars arising from defective heating apparatus or lights furnished by it." The fact that this contract is found in an indenture that does embrace certain contracts of letting and hiring, and certain commutative covenants in writing, does not necessarily invest it with either character, and there is no other feature of this contract, or circumstance connected with it, calculated to give it such a character as would bring the action within the bar of the prescription pleaded. In reference to the first trial of this case in the circuit court the supreme court said:

"There can be no doubt that the railroad company was, under the evidence, liable to the plaintiff on account of the loss by fire of the 'Louisiana.' * * * A peremptory instruction to find for the plaintiff in respect to the 'Louisiana' would not have been- erroneous."

The case as to the "Louisiana," on the second trial, appears to have been substantially identical with the case made as to it on the first trial, and in our view of the case as now presented in the record a peremptory charge to find for the plaintiff the value of the car "Louisiana," with interest from judicial demand, would not have been erroneous.

The judgment of the circuit court is affirmed.